RECEIVED
IN LAKE CHARLES, LA.
JUL -7 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-12 |
| VS. | : | JUDGE MINALDI |
| ROBERTO EDUARDO MENDOZA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Rec. Doc. 823) filed by the defendant, Roberto Eduardo Mendoza ("Mendoza"). The Government filed an answer (Rec. Doc. 839). The defendant did not file a reply.

Procedural History[1]

On August 9, 2006, a federal grand jury returned a multiple-count indictment charging the defendant and other individuals with drug related offenses. (Rec. Doc. 1). The defendant was named in four counts of this eight-count indictment. Count One charged him and others with conspiracy to possess with intent to distribute cocaine, marijuana, ecstacy, and other controlled substances. Count Four charged the defendant and another co-defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. Count Seven and Count Eight were forfeiture counts. (Rec. Doc. 1).

Joseph Streva, with the Federal Public Defender's Office, appeared in court solely for the purpose of the initial appearance. (Rec. Doc. 100). The defendant waived his right to conflict free

---

[1] As summarized by the United States.

counsel. (Rec. Doc. 100). On May 9, 2007, V. Ross Cicardo was appointed to represent the defendant. (Rec. Docs. 153, 157, 159). A superseding indictment was returned on March 11, 2009. (Rec. Doc. 398).

On April 8, 2009, the Court issued an order appointing Allen Smith, III, to represent Mendoza. (Rec. Doc. 440).

On October 30, 2009, the defendant, pursuant to a written plea agreement, pleaded guilty to Count One of the superceding indictment charging him with conspiracy to possess with intent to distribute cocaine and other controlled substances. (Rec. Docs. 550-551).

A presentence investigation ("PSR") report was prepared on December 18, 2009. Mendoza's attorney filed objections. A revised report was prepared on January 22, 2010. The Court issued a memorandum ruling addressing the objections to the PSR. (Rec. Doc. 671). On March 16, 2010, the defendant was sentenced to 108 months imprisonment. (Rec. Doc. 670).

The attorney who was representing the defendant at that point, Allen L. Smith, filed a motion to withdraw which was granted. (Rec. Docs. 682, 690, 692). Angela Odinet was appointed to represent the defendant on appeal. (Rec. Doc. 697).

The docket sheet from the Fifth Circuit indicates that the attorney appointed to represent the defendant filed an *Anders* brief and a motion to withdraw as counsel. (Exhibits 1, 2). The defendant was given until March 3, 2011 to file a response to his attorney's *Anders* brief. However, on March 5, 2011, the defendant filed a *pro se* motion to dismiss the appeal pursuant to Fed.R.App.P. 42. (Exhibit 3). The Court of Appeal granted the appellant's motion to dismiss the appeal pursuant to Fed.R.App.P. 42. (Exhibit 4).

Facts

On November 19, 2005, Mendoza, sold three kilograms of cocaine to an informant in Atlanta, Georgia. As a result of this transaction a state search warrant was executed at the Georgia residence of Silva, one of the individuals involved with the defendant during this transaction. Approximately 720 grams of cocaine powder and 6.8 grams of marijuana were found at that residence. (Rec. Doc. 551-2; PSR, ¶¶ 10-12).

The investigation further revealed that Mendoza was involved in distributing not only cocaine but also marijuana. The cocaine was brought in from Texas through Louisiana and then to Georgia. The marijuana was partially distributed via Federal Express. (Rec. Doc. 551-2; PSI, paras. 12-20). The defendant was held accountable for 75.5 kilograms of cocaine and 1,000 pounds of marijuana. (PSI, para. 25).

Law

The defendant argues that his trial attorney was ineffective in failing to object to an improper sentence and by abandoning him on appeal.

Numerous cases have taken the view that where a question or issue has not been raised by a federal prisoner on appeal from his conviction, that question or issue cannot be considered on a subsequent motion under § 2255. 10 A.L.R. Fed. 724; *United States v Perez*, 952 F2d 908 (5th Cir. 1992); *United States v Towe*, 26 F3d 614 (5th Cir. 1994); *United States v Segler*, 37 F3d 1131 (5th Cir. 1994); *U.S. v. Torres*, 163 F.3d 909 (5th Cir. 1999). Therefore, any challenge of Mendoza's sentence is procedurally barred, as it was not raised on direct appeal.

A criminal defendant has a right to counsel under the Sixth Amendment, and the right to

counsel entails the right to effective assistance of counsel.[2] Counsel's assistance is deficient if it falls "below an objective standard of reasonableness."[3] The Fifth Circuit has described that standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[4] Mendoza's counsel did not fail to meet this standard in failing to object to what Mendoza asserts were improper sentencing enhancements.

In order to prevail on a claim of ineffectiveness of counsel, a defendant must also show the following: (1) his counsel's actions fell below an objective standard of reasonableness; and (2) the ineffective assistance of counsel prejudiced him.[5] To prove prejudice, "the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "[6] It is not clear that, "but for counsel's unreasonable failure ... [ Mendoza] would have prevailed,"[7] in obtaining a lesser sentence.[8] In this case, Mendoza's attorney filed objections to the PSR and specifically objected to the amount of drugs for which the defendant was held accountable. This court overruled that objection. (Rec. Doc. 671).

It is also important to note that the defendant received a favorable sentence. The mandatory

---

[2] *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).

[3] *Strickland*, at 688.

[4] *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.2000) (quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir.1999)).

[5] *Bryant v. Scott*, 28 F.3d 1411, 1414 (5th Cir. 1994); *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994).

[6] *United States v. Bass*, 310 F.3d 321, 325 (5th Cir.2002) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

[7] *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir.2001).

[8] *United States v. Conley*, 349 F.3d 837, 841-842 (5th Cir. 2003).

minimum was 10 years. Therefore, the defendant's sentence of 108 months was a departure from that mandatory minimum. In light of the defendant's sentence, any further objections would not have resulted in lower sentence. Therefore, the attorney's actions were neither unreasonable nor prejudicial.

The defendant also argues that he experienced ineffective assistance of counsel when a direct appeal was not filed. Mendoza had court-appointed counsel. That counsel reviewed the record and filed an *Anders* brief. *Mendoza*, not his attorney, then filed to have the direct appeal dismissed. There is no ineffective assistance of counsel for failing to file the direct appeal.

Accordingly, the defendant's motion pursuant to §2255 will be denied.

Lake Charles, Louisiana, this __7__ day of July, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE